JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

16-cv-2463

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Zelda Weiner
3053 Chapel Avenue West, Apt. 706
Cherry Hill, NJ 08002

(b) County of Residence of First Listed Plaintiff: **Camden**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Ronald A. Blumfield, Esquire
1845 Walnut Street, Suite 1199
Philadelphia, PA 19103

## DEFENDANTS
Kaiserman Company, Inc.
201 S. 18th Street, Suite 300
Philadlephia, PA 19103

16-2463

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 28 U.S.C. 1332 - Diversity

Brief description of cause:
Personal Injury - Premises Liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 05/19/2016
SIGNATURE OF ATTORNEY OF RECORD

MAY 19 2016

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

16    2463

Address of Plaintiff: Zelda Weiner

Address of Defendant: 3053 Chapel Avenue West, Apt. 706, Cherry Hill, NJ 08002

Place of Accident, Incident or Transaction: Barclay Farms Office Pavilion, 1409 E. Route 70, Cherry Hill, NJ 08034
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☐
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) Premises Liability

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ronald A. Blumfield, Esquire, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case **Does not** exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 5/18/2016    _____    10362
                   Attorney-at-Law                Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/18/2016    _____    10362    MAY 19 2016
                   Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



**CASE MANAGEMENT TRACK DESIGNATION FORM**

| Zelda Weiner | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| Kaiserman Company, Inc. | : | NO. 16 2463 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| May 18, 2016 | Ronald A. Blumfield, Esquire | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-3900 | (215) 689-4328 | Ronald@blumfieldlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAY 19 2016

 

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD A. BLUMFIELD, P.C.<br>ronald@blumfieldlaw.com<br>Ronald A. Blumfield (Pa ID 10362)<br>1845 Walnut Street – Suite 1199<br>Philadelphia, Pennsylvania 19103<br>Telephone No.: 215-569-3900<br>Facsimile No.: 215-689-4328 | THIS IS AN ARBITRATION CASE<br><br>ATTORNEY FOR PLAINTIFF<br><br>**16    2463**<br><br>CIVIL ACTION<br><br>No. |

ZELDA WEINER
3053 Chapel Avenue West
Apt. 706
Cherry Hill, NJ 08002

           Plaintiff,

 vs.

KAISERMAN COMPANY, INC.
201 South 18th Street, Suite 300
Philadelphia, PA 19103

           Defendant(s).

## CIVIL ACTION COMPLAINT

Plaintiff, Zelda Weiner, by her undersigned counsel, brings this action against the above-captioned Defendant and in support thereof avers as follows:

1. Plaintiff, Zelda Weiner is an adult individual who at all times material to this action was and remains a domiciliary of the state of New Jersey with a residence at 3053 Chapel Avenue West, Apt. 706, Cherry Hill, NJ 08002.

2. Defendant, Kaiserman Company, Inc. (hereinafter referred to as Defendant) is a

domestic corporation, incorporated in the state of Pennsylvania with a primary place of business located at 201 South 18th Street, Suite 300, Philadelphia, PA 19103.

## COUNT I NEGLIGENCE
## ZELDA WEINER V. KAISERMAN COMPANY, INC.

3. On July 3, 2014, and at all other times material to this action, Defendant, owned, possessed, maintained, controlled and/or otherwise occupied the subject premises located at the Barclay Farms Office Pavilion, 1409 E. Route 70, Cherry Hill, NJ 08034.

4. On or about July 3, 2014, and for sometime prior thereto, Defendant allowed and permitted a dangerous condition to exist in the parking lot on or about the premises located at Barclay Farms Office Pavilion, 1409 E. Route 70, Cherry Hill, NJ 08034.

5. On or about July 3, 2014 at or around 4:00 p.m. Plaintiff, who was lawfully upon the aforesaid premises, was walking as a pedestrian in the parking lot of Barclay Farms Office Pavilion, 1409 E. Route 70, Cherry Hill, NJ 08034 when she was caused to fall due to a dangerous, hazardous and defective condition in the parking lot, causing plaintiff to sustain serious and permanent injuries and other losses hereinafter more fully set forth at length.

6. Plaintiff avers that Defendant knew or should have had notice of said dangerous conditions prior to the happening of the aforesaid incident, said incident occurring while Plaintiff, was lawfully on the premises and property owned, operated, maintained, possessed and/or controlled by Defendant.

7. Plaintiff avers that Defendant was provided actual notice of said dangerous conditions prior to the happening of the aforesaid incident, said incident occurring while Plaintiff, was lawfully on the premises and property owned, operated, maintained, possessed and/or controlled by Defendant.

8. The negligence and carelessness of Defendant further consisted of:

a. Allowing and permitting a dangerous condition to exist on or about said premises and property which it knew or should have known about;

b. After having constructive notice of said defective condition, failing to repair the defective condition;

c. After having actual notice of said defective condition failing to repair the defective condition;

d. Failing to repair the defective condition described above;

e. Failing to properly, completely and thoroughly inspect the property;

f. Failing to promptly and carefully post warning signs, install barricades and or post notices to warn individuals of the defective condition;

g. Failing to inspect and failing to establish a policy of inspection;

h. Failing to properly maintain the said property;

i. Negligently maintaining the said property;

j. Failing to correct said dangerous condition, which it knew or should have known about;

k. Failing to warn Plaintiff of said dangerous condition which it knew or should have known about;

l. Failing to take corrective action and/or doing so in a negligent and careless manner.

m. Such other acts and omissions which constitute negligence and which may become more apparent during discovery;

n. Failing to exercise reasonable care under the circumstances and;

o. Negligence at law.

9. Defendant by their actions in this case, as addressed in the applicable statutes, have waived his immunity, if any, in this case.

10. As a direct and proximate cause of the negligence of Defendant, and not through any act or omission of her own, Plaintiff has suffered serious and permanent impairment of body function, including but not limited to an impacted fracture of the right Humerus which required extensive treatment and rehabilitation.

11. Solely by reason of the aforesaid injuries, Plaintiff has undergone great mental pain and suffering and physical pain and suffering and in the future will suffer great mental pain and suffering and physical pain and suffering as well as suffered severe disabilities with large and various medical bills in an attempt to cure herself of aforesaid injures.

12. All of the above injuries and damages are the direct and proximate result of the carelessness and negligence of Defendant.

13. Further, by reason of the aforesaid, the Plaintiff has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure herself of her said injuries and will be obliged to expend additional sums of money for the same purposes in the future, all to her great financial damage and loss.

14. In this matter, Plaintiff's damages exceed the amount of $75,000.00.

WHEREFORE, Plaintiff, Zelda Weiner, hereby demands judgment against Defendant Kaiserman Company, Inc. in a sum not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars.

RONALD A. BLUMFIELD, P.C.

By: _____
RONALD A. BLUMFIELD, ESQUIRE
*Attorney for Plaintiff*

Date: May 19, 2016