## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RONALD A. BLUMFIELD, P.C.
ronald@blumfieldlaw.com
Ronald A. Blumfield (Pa ID 10362)
1845 Walnut Street – Suite 1199
Philadelphia, Pennsylvania 19103
Telephone No.: 215-569-3900
Facsimile No.: 215-689-4328

THIS IS AN ARBITRATION CASE

ATTORNEY FOR PLAINTIFF

ZELDA WEINER
3053 Chapel Avenue West
Apt. 706
Cherry Hill, NJ 08002

                                        Plaintiff,

            vs.

KAISERMAN COMPANY, INC.
201 South 18th Street, Suite 300
Philadelphia, PA 19103

and

HORTENSE ASSOCIATES, L.P.
2500 McClellan Avenue
Pennsauken, NJ 08109

and

HORTENSE, INC.
2500 McClellan Avenue
Pennsauken, NJ 08109

and

HORTENSE ASSOCIATES, L.P.
BY ITS SOLE GENERAL PARTNER,
HORTENSE, INC.
2500 McClellan Avenue
Pennsauken, NJ 08109

CIVIL ACTION

No. 16-2463

                        Defendant(s).

## AMMENDED COMPLAINT

Plaintiff, Zelda Weiner, by her undersigned counsel, brings this action against the above-

captioned Defendant and in support thereof avers as follows:

1.  Plaintiff, Zelda Weiner is an adult individual who at all times material to this action was and remains a domiciliary of the state of New Jersey with a residence at 3053 Chapel Avenue West, Apt. 706, Cherry Hill, NJ 08002.

2.  Defendant, Kaiserman Company, Inc. (hereinafter referred to as Defendant Kaiserman) is a domestic corporation, incorporated in the state of Pennsylvania with a primary place of business located at 201 South 18th Street, Suite 300, Philadelphia, PA 19103.

3.  Defendant, Hortense Associates, L.P. is a limited partnership, incorporated in the state of New Jersey and regularly conducting business within Philadelphia County  with a primary place of business located at 2500 McClellan Avenue, Pennsauken, NJ 08109.

4.  Defendant, Hortense, Inc. is a domestic corporation, incorporated in the state of New Jersey and regularly conducting business within Philadelphia County  with a primary place of business located at 2500 McClellan Avenue, Pennsauken, NJ 08109.

5.  Defendant, Hortense Associates, L.P by its sole general partner, Hortense, Inc. is a limited partnership, incorporated in the state of New Jersey and regularly conducting business within Philadelphia County  with a primary place of business located at 2500 McClellan Avenue, Pennsauken, NJ 08109.

## COUNT I NEGLIGENCE
## ZELDA WEINER V. KAISERMAN COMPANY, INC.

6.  On July 3, 2014, and at all other times material to this action, Defendant Kaiserman, owned, possessed, maintained, controlled and/or otherwise occupied the subject premises located at the Barclay Farms Office Pavilion, 1409 E. Route 70, Cherry Hill, NJ 08034.

7.  On or about July 3, 2014, and for sometime prior thereto, Defendant Kaiserman allowed and permitted a dangerous condition to exist in the parking lot on or about the premises located

at Barclay Farms Office Pavilion, 1409 E. Route 70, Cherry Hill, NJ 08034.

8. On or about July 3, 2014 at or around 4:00 p.m. Plaintiff, who was lawfully upon the aforesaid premises, was walking as a pedestrian in the parking lot of Barclay Farms Office Pavilion, 1409 E. Route 70, Cherry Hill, NJ 08034 when she was caused to fall due to a dangerous, hazardous and defective condition in the parking lot, causing plaintiff to sustain serious and permanent injuries and other losses hereinafter more fully set forth at length.

9. Plaintiff avers that Defendant Kaiserman knew or should have had notice of said dangerous conditions prior to the happening of the aforesaid incident, said incident occurring while Plaintiff, was lawfully on the premises and property owned, operated, maintained, possessed and/or controlled by Defendant Kaiserman.

10. Plaintiff avers that Defendant Kaiserman was provided actual notice of said dangerous conditions prior to the happening of the aforesaid incident, said incident occurring while Plaintiff, was lawfully on the premises and property owned, operated, maintained, possessed and/or controlled by Defendant Kaiserman.

11. The negligence and carelessness of Defendant Kaiserman further consisted of:

    a. Allowing and permitting a dangerous condition to exist on or about said premises and property which it knew or should have known about;

    b. After having constructive notice of said defective condition, failing to repair the defective condition;

    c. After having actual notice of said defective condition failing to repair the defective condition;

    d. Failing to repair the defective condition described above;

    e. Failing to properly, completely and thoroughly inspect the property;

f.  Failing to promptly and carefully post warning signs, install barricades and or post notices to warn individuals of the defective condition;

g.  Failing to inspect and failing to establish a policy of inspection;

h.  Failing to properly maintain the said property;

i.  Negligently maintaining the said property;

j.  Failing to correct said dangerous condition, which it knew or should have known about;

k.  Failing to warn Plaintiff of said dangerous condition which it knew or should have known about;

l.  Failing to take corrective action and/or doing so in a negligent and careless manner.

m.  Such other acts and omissions which constitute negligence and which may become more apparent during discovery;

n.  Failing to exercise reasonable care under the circumstances and;

o.  Negligence at law.

12.  Defendant Kaiserman by its actions in this case, as addressed in the applicable statutes, have waived his immunity, if any, in this case.

13.  As a direct and proximate cause of the negligence of Defendant Kaiserman, and not through any act or omission of her own, Plaintiff has suffered serious and permanent impairment of body function, including but not limited to an impacted fracture of the right Humerus which required extensive treatment and rehabilitation.

14.  Solely by reason of the aforesaid injuries, Plaintiff has undergone great mental pain and suffering and physical pain and suffering and in the future will suffer great mental pain and suffering and physical pain and suffering as well as suffered severe disabilities with

large and various medical bills in an attempt to cure herself of aforesaid injures.

15.   All of the above injuries and damages are the direct and proximate result of the carelessness and negligence of Defendant Kaiserman.

16.   Further, by reason of the aforesaid, the Plaintiff has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure herself of her said injuries and will be obliged to expend additional sums of money for the same purposes in the future, all to her great financial damage and loss.

17.   In this matter, Plaintiff's damages exceed the amount of $75,000.00.

WHEREFORE, Plaintiff, Zelda Weiner, hereby demands judgment against Defendant Kaiserman Company, Inc. in a sum not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars.

## COUNT II NEGLIGENCE
## ZELDA WEINER V. HORTENSE ASSOCIATES, L.P.

18.   Plaintiff hereby incorporates by reference all of the above allegations as fully as though the same were herein set forth at length.

19.   On July 3, 2014, and at all other times material to this action, Defendant Hortense Associates, LP, owned, possessed, maintained, controlled and/or otherwise occupied the subject premises located at the Barclay Farms Office Pavilion, 1409 E. Route 70, Cherry Hill, NJ 08034.

20.   On or about July 3, 2014, and for sometime prior thereto, Defendant Hortense

21. Associates, LP allowed and permitted a dangerous condition to exist in the parking lot on or about the premises located at Barclay Farms Office Pavilion, 1409 E. Route 70, Cherry Hill, NJ 08034.

22. On or about July 3, 2014 at or around 4:00 p.m. Plaintiff, who was lawfully upon the aforesaid premises, was walking as a pedestrian in the parking lot of Barclay Farms Office

Pavilion, 1409 E. Route 70, Cherry Hill, NJ 08034 when she was caused to fall due to a dangerous, hazardous and defective condition in the parking lot, causing plaintiff to sustain serious and permanent injuries and other losses hereinafter more fully set forth at length.

    23. Plaintiff avers that Defendant Hortense Associates, L.P. knew or should have had notice of said dangerous conditions prior to the happening of the aforesaid incident, said incident occurring while Plaintiff, was lawfully on the premises and property owned, operated, maintained, possessed and/or controlled by Defendant Hortense Associates, L.P.

    24. Plaintiff avers that Defendant Hortense Associates, L.P. was provided actual notice of said dangerous conditions prior to the happening of the aforesaid incident, said incident occurring while Plaintiff, was lawfully on the premises and property owned, operated, maintained, possessed and/or controlled by Defendant Hortense Associates, L.P.

    25. The negligence and carelessness of Defendant Hortense Associates, L.P. further consisted of:

        a.  Allowing and permitting a dangerous condition to exist on or about said premises and property which it knew or should have known about;

        b.  After having constructive notice of said defective condition, failing to repair the defective condition;

        c.  After having actual notice of said defective condition failing to repair the defective condition;

        d.  Failing to repair the defective condition described above;

        e.  Failing to properly, completely and thoroughly inspect the property;

        f.  Failing to promptly and carefully post warning signs, install barricades and or post notices to warn individuals of the defective condition;

g. Failing to inspect and failing to establish a policy of inspection;

h. Failing to properly maintain the said property;

i. Negligently maintaining the said property;

j. Failing to correct said dangerous condition, which it knew or should have known about;

k. Failing to warn Plaintiff of said dangerous condition which it knew or should have known about;

l. Failing to take corrective action and/or doing so in a negligent and careless manner.

m. Such other acts and omissions which constitute negligence and which may become more apparent during discovery;

n. Failing to exercise reasonable care under the circumstances and;

o. Negligence at law.

26. Defendant Hortense Associates, L.P. by its actions in this case, as addressed in the applicable statutes, have waived his immunity, if any, in this case.

27. As a direct and proximate cause of the negligence of Defendant Hortense Associates, L.P., and not through any act or omission of her own, Plaintiff has suffered serious and permanent impairment of body function, including but not limited to an impacted fracture of the right Humerus which required extensive treatment and rehabilitation.

28. Solely by reason of the aforesaid injuries, Plaintiff has undergone great mental pain and suffering and physical pain and suffering and in the future will suffer great mental pain and suffering and physical pain and suffering as well as suffered severe disabilities with large and various medical bills in an attempt to cure herself of aforesaid injures.

29.    All of the above injuries and damages are the direct and proximate result of the carelessness and negligence of Defendant Hortense Associates, L.P.

30.    Further, by reason of the aforesaid, the Plaintiff has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure herself of her said injuries and will be obliged to expend additional sums of money for the same purposes in the future, all to her great financial damage and loss.

31.    In this matter, Plaintiff's damages exceed the amount of $75,000.00.

WHEREFORE, Plaintiff, Zelda Weiner, hereby demands judgment against Defendant Hortense Associates, L.P. in a sum not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars.

## COUNT III NEGLIGENCE
### ZELDA WEINER V. HORTENSE, INC.

32.    Plaintiff hereby incorporates by reference all of the above allegations as fully as though the same were herein set forth at length.

33.    On July 3, 2014, and at all other times material to this action, Defendant Hortense, Inc., owned, possessed, maintained, controlled and/or otherwise occupied the subject premises located at the Barclay Farms Office Pavilion, 1409 E. Route 70, Cherry Hill, NJ 08034.

34. On or about July 3, 2014, and for sometime prior thereto, Defendant Hortense, Inc. allowed and permitted a dangerous condition to exist in the parking lot on or about the premises located at Barclay Farms Office Pavilion, 1409 E. Route 70, Cherry Hill, NJ 08034.

35. On or about July 3, 2014 at or around 4:00 p.m. Plaintiff, who was lawfully upon the aforesaid premises, was walking as a pedestrian in the parking lot of Barclay Farms Office Pavilion, 1409 E. Route 70, Cherry Hill, NJ 08034 when she was caused to fall due to a dangerous, hazardous and defective condition in the parking lot, causing plaintiff to sustain

serious and permanent injuries and other losses hereinafter more fully set forth at length.

36. Plaintiff avers that Defendant Hortense, Inc. knew or should have had notice of said dangerous conditions prior to the happening of the aforesaid incident, said incident occurring while Plaintiff, was lawfully on the premises and property owned, operated, maintained, possessed and/or controlled by Defendant Hortense, Inc.

37. Plaintiff avers that Defendant Hortense, Inc. was provided actual notice of said dangerous conditions prior to the happening of the aforesaid incident, said incident occurring while Plaintiff, was lawfully on the premises and property owned, operated, maintained, possessed and/or controlled by Defendant Hortense, Inc.

38. The negligence and carelessness of Defendant Hortense, Inc. further consisted of:

    a.  Allowing and permitting a dangerous condition to exist on or about said premises and property which it knew or should have known about;

    b.  After having constructive notice of said defective condition, failing to repair the defective condition;

    c.  After having actual notice of said defective condition failing to repair the defective condition;

    d.  Failing to repair the defective condition described above;

    e.  Failing to properly, completely and thoroughly inspect the property;

    f.  Failing to promptly and carefully post warning signs, install barricades and or post notices to warn individuals of the defective condition;

    g.  Failing to inspect and failing to establish a policy of inspection;

    h.  Failing to properly maintain the said property;

    i.  Negligently maintaining the said property;

j.  Failing to correct said dangerous condition, which it knew or should have known about;

k.  Failing to warn Plaintiff of said dangerous condition which it knew or should have known about;

l.  Failing to take corrective action and/or doing so in a negligent and careless manner.

m.  Such other acts and omissions which constitute negligence and which may become more apparent during discovery;

n.  Failing to exercise reasonable care under the circumstances and;

o.  Negligence at law.

39.    Defendant Hortense, Inc. by its actions in this case, as addressed in the applicable statutes, have waived his immunity, if any, in this case.

40.  As a direct and proximate cause of the negligence of Defendant Hortense, Inc., and not through any act or omission of her own, Plaintiff has suffered serious and permanent impairment of body function, including but not limited to an impacted fracture of the right Humerus which required extensive treatment and rehabilitation.

41.  Solely by reason of the aforesaid injuries, Plaintiff has undergone great mental pain and suffering and physical pain and suffering and in the future will suffer great mental pain and suffering and physical pain and suffering as well as suffered severe disabilities with large and various medical bills in an attempt to cure herself of aforesaid injures.

42.  All of the above injuries and damages are the direct and proximate result of the carelessness and negligence of Defendant Hortense, Inc.

43.  Further, by reason of the aforesaid, the Plaintiff has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure

herself of her said injuries and will be obliged to expend additional sums of money for the
same purposes in the future, all to her great financial damage and loss.

44.   In this matter, Plaintiff's damages exceed the amount of $75,000.00.

WHEREFORE, Plaintiff, Zelda Weiner, hereby demands judgment against Defendant
Hortense, Inc. in a sum not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars.

### COUNT IV NEGLIGENCE
### ZELDA WEINER V. HORTENSE, L.P. BY ITS SOLE GERNAL PARTNER HORTENSE INC.

45.   Plaintiff hereby incorporates by reference all of the above allegations as fully
as though the same were herein set forth at length.

46.   On July 3, 2014, and at all other times material to this action, Defendant Hortense
Associates L.P. by its sole general partner, Hortense, Inc., owned, possessed, maintained,
controlled and/or otherwise occupied the subject premises located at the Barclay Farms Office
Pavilion, 1409 E. Route 70, Cherry Hill, NJ 08034.

47. On or about July 3, 2014, and for sometime prior thereto, Defendant Hortense,
Associates, L.P. by its sole general partner, Hortense, Inc., allowed and permitted a dangerous
condition to exist in the parking lot on or about the premises located at Barclay Farms Office
Pavilion, 1409 E. Route 70, Cherry Hill, NJ 08034.

48. On or about July 3, 2014 at or around 4:00 p.m. Plaintiff, who was lawfully upon the
aforesaid premises, was walking as a pedestrian in the parking lot of Barclay Farms Office
Pavilion, 1409 E. Route 70, Cherry Hill, NJ 08034 when she was caused to fall due to a
dangerous, hazardous and defective condition in the parking lot, causing plaintiff to sustain
serious and permanent injuries and other losses hereinafter more fully set forth at length.

49. Plaintiff avers that Defendant Hortense, Associates, L.P. by its sole general partner,

Hortense, Inc. knew or should have had notice of said dangerous conditions prior to the happening of the aforesaid incident, said incident occurring while Plaintiff, was lawfully on the premises and property owned, operated, maintained, possessed and/or controlled by Defendant Hortense, Associates, L.P. by its sole general partner Hortense Inc.

50. Plaintiff avers that Defendant Hortense, Associates, L.P. by its sole general partner Hortense, Inc. was provided actual notice of said dangerous conditions prior to the happening of the aforesaid incident, said incident occurring while Plaintiff, was lawfully on the premises and property owned, operated, maintained, possessed and/or controlled by Defendant Hortense, Associates, L.P. by its general partner, Hortense, Inc.

51. The negligence and carelessness of Defendant Hortense, Associates, L.P. by its sole general partner Hortense Inc. further consisted of:

    a.  Allowing and permitting a dangerous condition to exist on or about said premises and property which it knew or should have known about;

    b.  After having constructive notice of said defective condition, failing to repair the defective condition;

    c.  After having actual notice of said defective condition failing to repair the defective condition;

    d.  Failing to repair the defective condition described above;

    e.  Failing to properly, completely and thoroughly inspect the property;

    f.  Failing to promptly and carefully post warning signs, install barricades and or post notices to warn individuals of the defective condition;

    g.  Failing to inspect and failing to establish a policy of inspection;

    h.  Failing to properly maintain the said property;

   i.   Negligently maintaining the said property;

   j.   Failing to correct said dangerous condition, which it knew or should have known about;

   k.   Failing to warn Plaintiff of said dangerous condition which it knew or should have known about;

   l.   Failing to take corrective action and/or doing so in a negligent and careless manner.

   m.  Such other acts and omissions which constitute negligence and which may become more apparent during discovery;

   n.   Failing to exercise reasonable care under the circumstances and;

   o.   Negligence at law.

52.    Defendant Hortense Associates, L.P. by its sole general partner Hortense, Inc. by its actions in this case, as addressed in the applicable statutes, have waived his immunity, if any, in this case.

53.  As a direct and proximate cause of the negligence of Defendant Hortense Associates, L.P. by its sole general partner Hortense, Inc., and not through any act or omission of her own, Plaintiff has suffered serious and permanent impairment of body function, including but not limited to an impacted fracture of the right Humerus which required extensive treatment and rehabilitation.

54.  Solely by reason of the aforesaid injuries, Plaintiff has undergone great mental pain and suffering and physical pain and suffering and in the future will suffer great mental pain and suffering and physical pain and suffering as well as suffered severe disabilities with large and various medical bills in an attempt to cure herself of aforesaid injures.

55.   All of the above injuries and damages are the direct and proximate result of the carelessness and negligence of Defendant Hortense Associates, L.P. by its sole general partner Hortense, Inc.

56.   Further, by reason of the aforesaid, the Plaintiff has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure herself of her said injuries and will be obliged to expend additional sums of money for the same purposes in the future, all to her great financial damage and loss.

57.   In this matter, Plaintiff's damages exceed the amount of $75,000.00.

WHEREFORE, Plaintiff, Zelda Weiner, hereby demands judgment against Defendant Hortense Associates, L.P. by its sole general partner, Hortense, Inc. in a sum not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars.

RONALD A. BLUMFIELD, P.C.

By:  _____

RONALD A. BLUMFIELD, ESQUIRE
*Attorney for Plaintiff*

Date: June 9, 2016